**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIE DICKSON,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:21-cv-01103** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **BOBBI JO SALAMON, et al.,** | : | |
| **Respondents** | : | |

## **MEMORANDUM**

On June 23, 2021, pro se Petitioner Willie Dickson ("Petitioner"), who is presently confined at the State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and a motion to appoint counsel (Doc. No. 2). Following an Order to show cause (Doc. No. 5), Respondents filed a motion to dismiss (Doc. No. 6) Petitioner's § 2254 petition as untimely.  Petitioner has filed a brief in opposition (Doc. No. 9) and a second motion to appoint counsel (Doc. No. 8).

## **I.    BACKGROUND**

### **A.    Background**

On March 19, 1984, Petitioner waived his right to a jury trial and, following a bench trial in the Court of Common Pleas for York County, Pennsylvania, was convicted of first-degree murder on March 20, 1984.  (Doc. No. 6-1.)  Petitioner waived his right to file post-verdict motions.  (Id.)  On April 13, 1984, the trial court sentenced Petitioner to life imprisonment.  (Id.)  Petitioner did not appeal to the Superior Court of Pennsylvania.

On November 27, 1990, Petitioner filed a Post Conviction Relief Act ("PCRA") petition. (Id.)  The PCRA court held a hearing on Petitioner's petition on May 31, 1990.  (Id.)  On July 11, 1990, the PCRA court denied Petitioner's PCRA petition.  (Id.)  On July 10, 1998, Petitioner

submitted a "petition for writ of habeas corpus hearing," asserting that his trial counsel was ineffective for failing to argue self-defense and voluntary intoxication.  (Doc. No. 6-3 at 4-5.) The record does not reflect the disposition of that petition.  On April 23, 2002, Petitioner filed a petition requesting an appeal <u>nunc pro tunc</u>.  (<u>Id.</u> at 15-18.)  In an Order dated June 24, 2002, the trial court denied Petitioner's petition.  (<u>Id.</u> at 12-14.)  Petitioner subsequently filed the instant petition for a writ of habeas corpus pursuant to § 2254 on June 23, 2021.  (Doc. No. 1.)

        **B.**    **Petitioner's Habeas Claims**

Petitioner raises the following claims for relief in his § 2254 petition:

1. Petitioner's right to due process was violated because he has been incarcerated pursuant to a non-unanimous jury verdict;

2. Petitioner's right to due process was violated because he was never informed of his right to appeal his conviction;

3. Trial counsel was ineffective for failing to object to the non-unanimous verdict; and

4. Trial counsel was ineffective for failing to ensure that Petitioner was informed of his right to appeal.

(<u>Id.</u> at 5-10.)

## II.    LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings."  <u>See</u> <u>Dunn v. Colleran</u>, 247 F.3d 450, 468 (3d Cir. 2001) (quoting <u>Calderon v. Coleman</u>, 525 U.S. 414, 146 (1998)).  The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism.  <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 128 (1982).  "The States possess primary authority for defining and enforcing the criminal law.  In criminal trials they also hold the initial responsibility for vindicating constitutional rights.  Federal intrusions

into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law."  Id.  States also have a recognized interest in the finality of convictions that have survived direct review within the state court system.  See Brecht v. Abrahamson, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States."  See 28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief may not be granted unless:

> the adjudication of the claim[] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

## III.   DISCUSSION

As noted supra, Respondents have filed a motion to dismiss Petitioner's § 2254 petition as untimely pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  This statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by

3

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d).

Under this statute of limitations, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final.  See id. § 2244(d)(1)(A).  In the instant case, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review."  See id.  In the instant case, Petitioner did not appeal his conviction and sentence to the Superior Court of Pennsylvania. Consequently, his judgment of sentence became final on May 15, 1984.  See Kuehner v. Commonwealth, No. 3:14-cv-0800, 2016 WL 1595389, at *4 (M.D. Pa. Apr. 20, 2016). However, "[f]or pre-AEDPA convictions, which included those cases in which a prisoner's conviction became final before April 24, 1996, a state prisoner had a year from April 24, 1996, the effective date of the AEDPA[,] to seek federal habeas relief."  See Williams v. Walsh, No. 3:12-cv-1364, 2013 WL 5874815, at *2 (M.D. Pa. Oct. 30, 2013) (citing Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)).  Therefore, Petitioner had one year from April 24, 1996, or until April 24, 1997, to timely file a federal habeas petition.  The instant § 2254 petition was filed on June 16, 2021, when Petitioner asserts he placed it in the prison mailing system for mailing to

this Court.  (Doc. No. 1 at 15); see Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he places it in the prison mailing system for forwarding to the court).  Therefore, unless it is subject to statutory or equitable tolling, the petition is jurisdictionally time-barred.

## A.     Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court.  See 28 U.S.C. § 2244(2).  An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  See Artuz v. Bennett, 431 U.S. 4, 8 (2000).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Id.  A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."  See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

As noted supra, Petitioner filed his PCRA petition prior to April 24, 1997.  On July 10, 1998, he submitted a "petition for writ of habeas corpus hearing," asserting that counsel was ineffective for failing to argue self-defense and voluntary intoxication.  (Doc. No. 6-3 at 4-5.)  The record, however, does not reflect the disposition of that petition.  On April 23, 2002, Petitioner filed a petition requesting an appeal nunc pro tunc.  (Id. at 15-18.)  In an Order dated June 24, 2002, the trial court denied Petitioner's petition.  (Id. at 12-14.)  Both of these submissions, however, were filed after the expiration of the AEDPA statute of limitations.  Petitioner, therefore, is not entitled to statutory tolling for the time period during which these

petitions for relief were pending before the state courts.  See Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

**B.    Equitable Tolling**

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006).  The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).  The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling.  See Pace, 544 U.S. at 418.  While "this equitable doctrine is used sparingly, the assessment is flexible and the particular circumstances of the petitioner must be taken into account."  See Wallace v. Mahanoy, 2 F.4th 133, 144 (3d Cir. 2021) (citing Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011)).

In his response, as well as his motions for counsel, Petitioner suggests that he has "never had a meaningful opportunity to challenge his conviction as he stood mentally incompetent throughout this entire criminal process including arrest, trial, sentencing[,] and his entire incarceration."  (Doc. Nos. 2 at 2; 8 at 2; 9 at 2.)  Petitioner asserts that he is severely mentally ill and incompetent, and that he was classified as a D-code inmate in August 2013.  (Doc. No. 2 at

2.)  He explains that D-code is applied to inmates who are diagnosed with serious mental illnesses, have a credible functional impairment, or were found guilty but mentally insane.  (Id.) Liberally construing Petitioner's filings, he appears to suggest that his mental illness qualifies him for equitable tolling of the limitations period for the approximately twenty-four (24) years that have passed since the AEDPA deadline expired.

Upon review of the record, the Court concludes that Petitioner has failed to demonstrate that "it was 'impossible' for him to pursue post-conviction remedies during that entire time." See Wallace, 2 F.4th at 145.  Petitioner's submissions indicate that he was diagnosed and classified as a D-code inmate in August 2013, well after the expiration of the limitations period. He has provided no records indicating that he suffered from a serious mental illness from 1997 until 2013.  Moreover, as noted supra, Petitioner was able to file two pro se post-conviction-related filings in the state courts during that time.  In 1998, he filed a "petition for writ of habeas corpus hearing," and in 2002, he filed a petition requesting an appeal nunc pro tunc.  (Doc. No. 6-3 at 4-5, 15-18.)  Given this record, the Court concludes that Petitioner has not demonstrated the requisite extraordinary circumstances for equitable tolling, because he has not shown that his mental illness "pose[d] a sufficiently severe obstacle to his pursuit of legal remedies for a period of several years."  See Wallace, 2 F.4th at 148.  Likewise, Petitioner has not demonstrated that he was reasonably diligent in pursuing federal habeas relief.  See Holland, 560 U.S. at 649. Petitioner, therefore, is not entitled to equitable tolling on the basis that his mental illness prevented him from filing a § 2254 petition for over two (2) decades.

In his response to Respondents' motion to dismiss, Petitioner also suggests that he is entitled to tolling because the state court failed to inform him about his appellate rights and, therefore, his time to file a direct appeal of his conviction and sentence was never legally

7

triggered.  (Doc. No. 9 at 2-4.)  He asserts that the documents provided by Respondents do "not even remotely establish that [his] time to appeal the conviction was ever legally triggered. Accordingly, if the State court clock has never legally begun to run, as a result, his Federal clock has never legally begun to run either and [he] is entitled to file his habeas petition no matter if fifty years [have] gone by."  (Id. at 4.)

The Superior Court of Pennsylvania has noted that "[i]n a criminal case, the date of entry of an order [that triggers the appeal period] is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket."  See Commonwealth v. Jerman, 762 A.2d 366, 368 (Pa. Super. 2000).  If those requirements are not followed, "the period for taking an appeal [is] never triggered."  See id. However, assuming arguendo that Petitioner was not advised of his appellate rights, it is federal law, not state, that governs when the limitations period for federal habeas petitions begins and expires.  As noted supra, although Petitioner's conviction became final prior to the enactment of AEDPA, Petitioner had one (1) full year from the date on which AEDPA was enacted to file a federal habeas petition.  Moreover, Petitioner was aware as of 2002 that no appeal had been filed on his behalf, as he sought leave to appeal nunc pro tunc.  It is "well-settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse his failure to make a prompt and timely filing."  See Hendricks v. Johnson, 62 F. Supp. 3d 406, 411 (D. Del. 2014); see also Mendez v. Sup't SCI-Huntingdon, No. 1:13-cv-1137, 2013 WL 389486, at *3 (M.D. Pa. July 26, 2013) (citing cases concluding that the lack of education or legal knowledge is not an extraordinary circumstance for purposes of equitable tolling).  Even if Petitioner's lack of awareness regarding his appellate rights constituted extraordinary circumstances, he, quite simply, has not shown that he acted with reasonable diligence to justify the application of

8

equitable tolling.  See Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (noting that, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing").  The Court, therefore, will not apply equitable tolling to render Petitioner's § 2254 petition timely.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the case at bar, jurists of reason would not find the disposition of this case debatable.  Accordingly, the Court will not issue a COA in this case.

V.      **CONCLUSION**

For the foregoing reasons, Respondents' motion to dismiss (Doc. No. 6) will be granted, and Petitioner's § 2254 petition (Doc. No. 1) will be dismissed as untimely.  A COA will not issue. Petitioner's motions to appoint counsel (Doc. Nos. 2, 8) will be denied as moot.  An appropriate Order follows.